UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARIO MARTINEZ-PELAYO,

     Petitioner,

     v.

JERRY HOWELL, *et al.*,

     Respondents.

Case No. 2:20-cv-01877-KJD-BNW

ORDER

     In this habeas corpus action, brought under 28 U.S.C. § 2241, the *pro se* petitioner, Mario Martinez-Pelayo, who is incarcerated at Nevada's Southern Desert Correctional Center, challenges the manner in which the Nevada Department of Corrections (NDOC) has calculated his sentence. More specifically, he claims that his federal constitutional rights have been violated because the NDOC has not applied good-time, work-time and statutory credits to reduce his minimum sentence, or, in other words, to reduce the time he must serve before he becomes eligible for parole. Respondents have filed a motion to dismiss. The Court will grant the motion to dismiss on the ground that Rider's claims are not cognizable in this action, and will dismiss this action.

     As a preliminary matter, the Court notes that the spelling of Martinez-Pelayo's name in his petition in this action—"Martinez Palayo"—differs from the spelling of his name in the state court proceedings—"Martinez-Pelayo." *Compare* Petition for Writ of Habeas Corpus (ECF No. 5)) *with* Judgment of Conviction, Exh. 8 (ECF No. 14-8) and Order of Affirmance, Exh. 27 (ECF No. 14-27). So that the record of this action is consistent in this regard with the state-court record, the Court will direct the Clerk of the Court to change the spelling of Martinez-Pelayo's name on the docket for this action.

In an amended judgment of conviction filed on February 14, 2017, Martinez-Pelayo was convicted, on a guilty plea, of the crime trafficking in a controlled substance, in violation of Nev. Rev. Stat. § 453.3385.2, a Category B Felony. *See* Judgment of Conviction, Exh. 8 (ECF No. (ECF No. 14-8). He was sentenced to a maximum of 150 months in prison, with a minimum parole eligibility of 60 months. *See id*.

On February 7, 2018, Martinez-Pelayo filed a habeas petition in state court, raising issues regarding the application of credits to his sentence. *See* Petition for Writ of Habeas Corpus, Exh. 10 (ECF No. 14-10). The state district court denied that petition in an order entered on October 3, 2018. *See* Decision and Order, Exh. 13 (ECF No. 14-13); Notice of Entry of Order, Exh. 14 (ECF No. 14-14). Martinez-Pelayo did not appeal from that ruling.

On June 12, 2019, Martinez-Pelayo filed a second state habeas petition, again raising issues regarding the application of credits to his sentence. *See* Petition for Writ of Habeas Corpus, Exh. 15 (ECF No. 14-15). The state district court denied that petition in an order filed on September 23, 2019. *See* Decision and Order, Exh. 18 (ECF No. 14-18); Notice of Entry of Order, Exh. 19 (ECF No. 14-19). Martinez-Pelayo appealed, and the Nevada Court of Appeals affirmed on April 27, 2020. *See* Order of Affirmance, Exh. 27 (ECF No. 14-27).

Martinez-Pelayo initiated this action on October 8, 2020. *See* Petition for Writ of Habeas Corpus (ECF No. 5). In his petition in this action, Martinez-Pelayo claims his federal constitutional rights have been violated because good-time, work-time and statutory credits have not been applied to reduce his minimum sentence. *See id*. at 1, 2, 4.

Respondents filed their motion to dismiss (ECF No. 13) on April 21, 2021, arguing that Martinez-Pelayo's claims are not cognizable in this federal habeas action and that his petition is barred by the statute of limitations.

Martinez-Pelayo did not respond to the motion to dismiss. Martinez-Pelayo's failure to respond to the motion to dismiss is, in itself, reason to grant the motion to

dismiss. *See* Local Rule LR 7-2 ("The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion.").

Additionally, however, the Court finds meritorious Respondents' argument that Martinez-Pelayo's claims are not cognizable in this federal habeas action.

A state prisoner is entitled to federal habeas relief only if he is held in custody in violation of the constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). Unless an issue of federal law is implicated, a petitioner's claim is not cognizable in federal habeas. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Federal habeas relief is unavailable "for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). A state court's interpretation of state law provides no basis for federal habeas relief. *Estelle*, 502 U.S. at 67–68. A petitioner "may not transform a state-law issue into a federal one merely by asserting a violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997). Generally, matters relating to state sentencing are not cognizable on federal habeas review. *See Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994) (state court's misapplication of state sentencing law does not justify federal habeas relief unless "fundamental unfairness" is shown).

Martinez-Pelayo's claims in this case are subject to dismissal as not cognizable in federal habeas.

To begin with, looking first at the possible effect of the errors alleged by Martinez-Pelayo with respect to the calculation of his sentence, his claims are not cognizable because success on the merits of his claims would not necessarily lead to immediate or speedier release from confinement. *See Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016). That is because, even if Martinez-Pelayo's claims had merit, he would not necessarily receive parole. *See id.* at 934–35. At best, Martinez-Pelayo appears, by his claims in this action, to seek an earlier parole hearing; however, an earlier parole hearing would not necessarily lead to earlier release on parole. Indeed, the Court takes judicial notice of the public records of the NDOC regarding

Martinez-Pelayo, which indicate that on July 12, 2021, Martinez-Pelayo received a parole hearing but that apparently did not result in his release on parole. *See* https://ofdsearch.doc.nv.gov/form.php (Offender ID 1172796) (September 9, 2021).

Furthermore, turning to the substance of his claims, although Martinez-Pelayo refers in his petition to his federal constitutional rights to due process of law and equal protection of the laws, and the constitutional protection against ex post facto laws, his petition primarily turns on the interpretation and application of Nevada's sentencing law. The Nevada Court of Appeals rejected Martinez-Pelayo's argument that the state law has been misapplied:

> Martinez-Pelayo claims the district court erred by denying his claim that the Nevada Department of Corrections (NDOC) was improperly denying the application of earned statutory credit to his minimum and maximum sentences. The district court found that NDOC was properly applying statutory credit to Martinez-Pelayo's maximum sentence. The district court also found Martinez-Pelayo was convicted of one count of trafficking in a controlled substance, a category B felony, *see* 1999 Nev. Stat., ch. 517, § 6, at 2639–40, for acts he committed between November 2013 and September 2014. Therefore, the district court concluded NRS 209.4465(8)(d) prohibited application of earned statutory credit to Martinez-Pelayo's minimum sentence. The record supports the district court's findings, and we conclude the district court did not err by denying this claim.

Order of Affirmance, Exh. 27, p. 1 (ECF No. 14-27, p. 2). This ruling, by a state court on a matter of state law, is beyond the scope of this federal habeas proceeding. *See Estelle*, 502 U.S. at 68; *Lewis*, 497 U.S. at 780.

Turning next to Martinez-Pelayo's due process claim, Nevada prisoners do not have a liberty interest in parole or parole eligibility. *See Moor v. Palmer*, 603 F.3d 658, 661–62 (9th Cir. 2010). Martinez-Pelayo bases his due process claim on the fact that the State failed to apply credits to his parole eligibility date. As such, Plaintiff fails to state a colorable due process claim. "The Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (quotation marks omitted). In

order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which protection is sought. *Id*.

And, as for Martinez-Pelayo's claims that his constitutional right to equal protection of the laws and his constitutional protection against ex post facto laws have been violated, those claims are wholly conclusory and without any colorable basis. *See* Petition for Writ of Habeas Corpus (ECF No. 5).

In sum, the Court determines that Martinez-Pelayo's claims, in his habeas petition in this case, are not cognizable in this federal habeas corpus action, and the Court will grant Respondents' motion to dismiss and dismiss this action. The Court need not, and declines to, address Respondents' argument based on the statute of limitations.

**IT IS THEREFORE ORDERED** that the Clerk of the Court is directed to make changes to the docket for this action as necessary to reflect that the petitioner's name is "Mario Martinez-Pelayo."

**IT IS FURTHER ORDERED** that Respondents' Motion to Dismiss (ECF No. 13) is **GRANTED**. This action is dismissed.

**IT IS FURTHER ORDERED** that, because jurists of reason would not find this ruling debatable or wrong, Petitioner is denied a certificate of appealability.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to enter judgment accordingly.

DATED THIS 10 day of September , 2021.

_____
KENT J. DAWSON,
UNITED STATES DISTRICT JUDGE